**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
MIGUEL MARQUEZ,                  :
                                 :
          Plaintiff,             :   Civil Action No. 05-0557 (WGB)
                                 :
     v.                          :
                                 :       **O P I N I O N**
NEW JERSEY DIVISION OF YOUTH     :
AND FAMILY SERVICES, et al.      :
                                 :
                                 :
          Defendants.            :
_____:

**APPEARANCES**:

   MIGUEL MARQUEZ, 149147C, Plaintiff Pro Se
   Adult Diagnostic and Treatment Center
   P.O. Box 190
   Avenel, New Jersey 070001-1697

**BASSLER, District Judge**

   Plaintiff Miguel Marquez ("Marquez"), confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey ("ADTC"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998), and moves for certification of this matter as a class action and appointment of counsel.  The Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of fees.  See 28 U.S.C. § 1915(a).  Having thoroughly reviewed

Plaintiff's allegations, the Court will dismiss the Complaint as against the New Jersey Division of Youth and Family Services, the Governor of New Jersey, and Correctional Medical Services, Inc., for failure to state a claim upon which relief may be granted (pursuant to 28 U.S.C. §§ 1915(e)(2)and 1915A(b)(1)) and permit the Complaint to proceed at this time as against the remaining Defendants.

## I.  BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of his rights secured by the Constitution and laws of the United States.  Defendants are  Devon Brown, Commissioner of the New Jersey Department of Corrections ("NJDOC"); the Governor of New Jersey (listed as James McGreevey); Grace Rogers, Administrator of the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey; T.E. Diller and John Dale, an internal affairs investigation team;

---

[1]  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Correctional Medical Services, Inc. ("CMS"), a provider of medical services for the NJDOC; Nancy Graffin, head of the Health Sevice Unit and Psychological Services for the ADTC; and John Doe Defendants. (Compl., Caption and ¶¶ 3-13.)

Plaintiff asserts the following facts: On December 12, 2001, he arrived at the ADTC for specialized treatment after serving a part of a state criminal sentence imposed on September 30, 1994. (Compl., ¶ 14.) He began a treatment program, participating in psychotherapy and educational process groups and completing "such additional modules as: Victim Empathy, Personal Victimization, Anger Management, Social Skills, Relationship Group, Relapse Prevention One and Arousal Reconditioning." (Id., ¶ 15.) Plaintiff allegedly also participated in a number of ancillary groups such as Alcoholics Anonymous and Narcotics Anonymous. (Id., ¶ 16.) He was given a job as a wing worker on December 19, 2001. (Id., ¶ 17.) Plaintiff became a wing representative for the 7R wing in February, 2003. (Id., ¶ 18.) According to Plaintiff, his reviews concluded that he showed continuing "strength and developmental growth." (Id., ¶ 20.) According to Plaintiff, he "would be amenable for parole without the stipulation of minimum sentencing that is indicated within his prison sentence." (Id., ¶ 21.)

In light of the aforesaid factual background, Plaintiff appears to assert the following claims: (1) a liberty interest

existed upon his referral to the ADTC, and he had no opportunity to challenge that referral in view of the threat to his life posed by transfer to the ADTC; (2) absence of guidelines and regulations respecting transfer in light of the danger to Plaintiff's life; (3) use of unqualified personnel in making release, transfer, and therapeutic decisions; (4) violations with regard to discharge plans, and other violations of state law; (5)impermissibly differential treatment of similarly situated inmates with respect to transfer; (6) arbitrary and capricious actions with regard to the release process, evaluations, and reports; (7) unconstitutional policies, practices, and/or customs of state entities.  (Compl., Counts 1-4); and (8) failure to protect him from harm; and (9) constitutionally inadequate medical care.

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 19159(e)(2)(B).

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).  "Under our

liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law.  Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged

conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994);  Shaw v. Stackhouse, 920 F.2d 1135, 1141-42 (3d Cir.1990).

     Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior.  Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe

Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).  The Court will now determine whether dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) is warranted.

B.  Medical Care Claim

In order to recover damages and obtain other relief, Plaintiff must show that Defendants demonstrated "deliberate indifference to [his] serious medical needs."  See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988).  He must show (1) that the Defendants were deliberately indifferent to his medical needs and (2) that those needs were serious.  Rouse, 182 F.3d at 197; see also Durmer, 991 F.2d at 67; Boring, 833 F.2d at 471.

A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for treatment. Monmouth County Correctional Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

Officials' actions rise to the level of "deliberate indifference" if reasonable requests for medical care are refused and the inmate is exposed to undue suffering or the threat of tangible residual injury, or if medical treatment is denied or

8

delayed for non-medical reasons.  Monmouth County Correctional Institute Inmates, 834 F.2d at 346-47.  To demonstrate deliberate indifference, a defendant "[must] know ... of and disregard ... an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Non-medical prison personnel will be found to have exhibited deliberate indifference if they "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel."  See Hodge v. Coughlin, 1994 WL 519902, at * 11 (S.D.N.Y. Sept. 22, 1994), aff'd, 52 F.3d 310 (2d Cir.1995); see also Estelle, 429 U.S. at 104-05, (deliberate indifference can be manifested by an intentional denial or delay in access to medical care).

   Applying these principles to the instant case, Plaintiff has not set forth facts sufficient to permit the inference that any Defendant was deliberately indifferent to any serious medical need.  Courts in the Third Circuit "have repeatedly refused to hold supervisory officials who are not physicians liable where, as here, the plaintiff has received medical and/or psychiatric treatment."  See Daniels v. Delaware, 120 F. Supp.2d 411, 427 (D.Del. 2000) (citing Durmer, supra (warden and state commissioner for corrections were not deliberately indifferent for failing to respond directly to prisoner's medical complaints

9

where prisoner was receiving treatment from prison doctor)).

Applying these principles to the instant case, Plaintiff appears to disagree with Defendants concerning their responsiveness and the overall course of treatment undertaken at the Avenel facility.  However, a § 1983 claim cannot be based solely on a prisoner's disagreement with the medical care he received.  See Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); see also Young v. Quinlan, 960 F.2d 351, 358 n. 18 (3d Cir. 1992) (inmate's disagreement with prison personnel over medical judgment does not state a claim for relief under Bivens); Monmouth County Correctional Institute Inmates, 834 F.2d at 346 (mere disagreement about proper medical treatment does not support an Eighth Amendment claim).  At most, the Complaint's assertions state nothing more than claims of negligence and respondeat superior liability.  These claims of liability simply are not actionable under 42 U.S.C. § 1983.  See Rode, supra (respondeat superior).  See also Estate of Bailey v. York County, 768 F.2d 503, 508 (3d Cir.1985); Beswick v. Philadelphia, 185 F. Supp.2d 418, 429 (E.D.Pa. 2001) (negligence).  Plaintiff simply has not stated a cognizable medical claim entitling him to relief against CMS or any other Defendant.  The Court will dismiss this claim pursuant to 28 U.S.C. §§  1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C.  Defendants NJDYFS and New Jersey Governor

Plaintiff nowhere in the Complaint has connected NJDYFS or the Governor of New Jersey with the claims asserted in the Complaint.  In addition, NJDYFS is not a "person" under 42 U.S.C. §1983, and therefore, not a proper Defendant.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989) (states and governmental entities considered arms of the states are not "persons' under § 1983).  Moreover, the Complaint asserts no more than a claim of respondeat superior liability against the Governor of New Jersey, a claim not actionable under 42 U.S.C. §1983.  See Rode, supra.  The Court also will dismiss all claims against these Defendants.

D. Remaining Claims

Plaintiff clearly has a liberty interest in his therapeutic treatment at the ADTC.  Leamer v. Fauver, 288 F.3d 532,544 (3d cir. 2002).  Moreover, confinement and treatment can be seen as "inextricably linked." Id. The Court will permit the remainder of Plaintiff's claims to proceed at this time pending further development of the facts in this matter. Id. at 545 (deferring an individualized analysis of specific constitutional rights until the factual record was more fully developed).

E. Class Certification and Appointment of Counsel

Plaintiff seeks to sue on behalf of himself and all others "similarly situated." (Com.) The decision concerning class certification is committed to the broad discretion of a district judge. See W.P. v. Poritz, 931 F.Supp. 1187 (D.N.J. 1996)); Fed. Rules Civ. Proc. Rule 23, 28 U.S.C.A. In addition, appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The Court must consider the non-exhaustive list of factors mentioned in Tabron and in Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) in addressing this issue. These factors include (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. The Court will deny these motions at this time without prejudice to renewal of the motions pending the Answer of the remaining Defendants and their response, if any, to the renewed motions.

**III. CONCLUSION**

Based on the foregoing discussion, the Court will grant in forma pauperis status to Plaintiff; dismiss Plaintiff's medical care claim; dismiss the NJDYFS and the New Jersey Governor as Defendants; permit the remainder of the Complaint to proceed at this time, and deny Plaintiff's motions without prejudice.

An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　　 /S/ WILLIAM G. BASSLER
　　　　　　　　　　　　　　　　**WILLIAM G. BASSLER**
　　　　　　　　　　　　**SENIOR UNITED STATES DISTRICT JUDGE**


**Dated: September 16, 2005**